# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **ATHENAHEALTH, INC.,** <br><br> Defendant. | Case No. 6:14-cv-442 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Presqriber, LLC files this Complaint against Athenahealth, Inc., for infringement of United States Patent No. 5,758,095 (the "'095 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Presqriber, LLC ("Plaintiff" or "Presqriber") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

4. Upon information and belief, Defendant Athenahealth, Inc. ("Defendant") is a Delaware corporation and has a principal office located at 311 Arsenal St., Watertown, MA 02472. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. On information and belief, Defendant's Electronic Health Record ("EHR") systems that are alleged herein to infringe, were and/or continue to be made, had made, used, sold and/or offered for sale in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,758,095)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '095 Patent with sole rights to enforce the '095 Patent and sue infringers.

10. A copy of the '095 Patent, titled "Interactive Medication Ordering System," is attached hereto as Exhibit A.

11. The '095 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '095 Patent is a prominent, pioneering patent in medical services field. This is evidenced in part by the extent to which the '095 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '095 Patent has been forward-cited in more than 200 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies in the medical systems or services fields as Walgreen (21 times), Medco (16 times to Medco or a predecessor), Epic (10 times), Cerner (7

times), Greenway (7 times), General Electric (3 times), McKesson (3 times), Baxter (2 times), Johnson & Johnson (2 times), Siemens (2 times), Becton Dickinson, Quest Diagnostics, and WebMD.  The '095 Patent is also of such sufficient prominence that it has been cited in numerous non-medical U.S. patents, including patents originally assigned to such prominent U.S. companies as Accenture, eBay, Ford, IBM and Microsoft.  The '095 Patent has also been forward-cited 8 times in patents originally assigned to the University of Texas Board of Regents, and 3 times in patents originally assigned to the United States of America (as represented by the Secretary of the Army).  And notwithstanding the fact that it was filed in 1995 and issued in 1998, the '095 Patent continues to be relevant today, as evidenced by the fact that the '095 Patent was forward-cited approximately 28 times in U.S. patents that issued in 2013 or 2014 to date.

**(Direct Infringement)**

13. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '095 Patent, including at least claims 1, 13, 14 and 15, by making, having made, using, selling and/or offering for sale Electronic Health Record systems that have achieved ONC-ATCB Certification for "Ambulatory" and/or "Inpatient" medical practices (the "Accused Instrumentalities").  Defendant's Accused Instrumentalities include at least the following systems:

    athenaClinicals

**(Indirect Infringement – Inducement)**

14. Upon information and belief, Defendant has induced infringement and continues to induce infringement of one or more claims of the '095 Patent, including at least claims 1, 13, 14 and 15, by end users of the Accused Instrumentalities.  Defendant specifically intended for end users of the Accused Instrumentalities to infringe the '095 Patent and knew that the end users' acts

3

constituted infringement.  Defendant had knowledge of the '095 Patent or acted with willful blindness to the '095 Patent, and Defendant had the specific intent to cause infringement.

15. Defendant has had knowledge of the '095 Patent at least from the time of service of this Complaint.

16. Upon information and belief, since Defendant has been on notice of the '095 Patent, Defendant has continued to encourage, instruct, enable, and otherwise cause end users of the Accused Instrumentalities to use the Accused Instrumentalities in a manner that infringes one or more claims of the '095 Patent, including at least claims 1, 13, 14 and 15.

17. Defendant's specific intent to cause infringement can be inferred from, without limitation, the facts that Defendant makes, has made, uses, sells and/or offers for sale the Accused Instrumentalities, that infringing functionality comprises a key feature of the Accused Instrumentalities, that Defendant markets certain infringing features of the Accused Instrumentalities in its promotional materials, and that Defendant has obtained ONC-ATCB Certification for the Accused Instrumentalities based in part on the infringing functionality of the Accused Instrumentalities.  In addition, Plaintiff is not aware of any evidence showing any investigation or design around by Defendant, or that Defendant has taken any remedial action with respect to the '095 Patent.

18. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of induced infringement after a reasonable opportunity for discovery on this issue.

**(Additional Allegations Related to Count One)**

19. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 5,758,095 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d) Award Plaintiff pre-judgment and post-judgment interest and costs;

e) Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

|  |  |
|---|---|
| Dated: May 8, 2014 | Respectfully submitted,<br><br>  */s/ Craig Tadlock*<br>Craig Tadlock<br>State Bar No. 00791766<br>John J. Harvey, Jr.<br>State Bar No. 09179770<br>Keith Smiley<br>State Bar No. 24067869<br>TADLOCK LAW FIRM PLLC<br>2701 Dallas Parkway, Suite 360<br>Plano, Texas 75093<br>903-730-6789<br>craig@tadlocklawfirm.com<br>john@tadlocklawfirm.com<br>keith@tadlocklawfirm.com<br><br>***Attorneys for Plaintiff Presqriber, LLC*** |